**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT SLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1170 CAS |
| | ) | |
| CORIZON MEDICAL SERVICES, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Robert Slack (registration no. 1009494), an inmate at Potosi Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $32.88. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will direct plaintiff to submit an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the

Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $164.39, and an average monthly balance of $148.59.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $32.88, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged medical mistreatment. Named as defendants are Corizon Medical Services, Inc. ("Corizon"), Samantha Turntine (Registered Nurse, Corizon), and Brenda Christian (same). Plaintiff seeks monetary relief.

Plaintiff alleges that on December 29, 2011, he injured his right little finger playing dodge ball. Plaintiff claims that he went to the Medical Unit where he was seen by defendant Turntine. Plaintiff asserts that Turntine examined him, noted that there was swelling and that plaintiff was unable to bend his finger, and told him that his finger was not broken. Turntine, says plaintiff, wrapped the finger and hand in an ace bandage and gave him a box of Ibuprofen. Plaintiff claims that Turntine told him he should "work the finger in order for it to heal." Plaintiff alleges that Dr. McKinney was in the medical unit at that time but that Turntine did not inform him of or consult him regarding plaintiff's injury.

Plaintiff says that he returned to the medical unit on January 3, 2012, because his symptoms were getting worse. Plaintiff claims that Defendant Christian examined him. Plaintiff alleges that she told him his finger was not broken and that she did not give him any treatment. Plaintiff maintains that she told him to "exercise the finger and it should get better." Plaintiff alleges that Christian did not notify the doctor of his injury.

Plaintiff returned to the medical unit on January 4, 2012, where he was seen by another nurse. The nurse's assessment revealed swelling up to plaintiff's wrist, and the nurse ordered an X-Ray for the following day. The nurse also notified Dr. McKinney of plaintiff's injury.

On January 5, 2012, plaintiff returned to the medical unit to meet with Dr. McKinney and discuss his X-Rays. Dr. McKinney advised plaintiff that his finger was fractured, splinted the finger,

and prescribed Naproxen for swelling and pain management.  Dr. McKinney also referred plaintiff to an orthopedic surgeon.

On January 9, 2012, plaintiff was seen by the orthopedic surgeon, who advised plaintiff he would need corrective surgery.  The surgery was performed on January 19, 2012.

Plaintiff alleges that his right little finger is now deformed and does not function.  Plaintiff believes that the initial misdiagnosis by defendants Turntine and Christian caused the damage to his finger.

### Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities.  Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims."  Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).  To state a claim against an individual official in his or her individual capacity, the plaintiff must state in the complaint that he is suing the official in his or her "individual capacity."  Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  To state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of his or her employer is responsible for the alleged constitutional violation.  Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978).  The instant complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted.

-4-

To state a claim for unconstitutional medical mistreatment, plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. To show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). To state a claim against defendant Corizon, plaintiff must allege that there was a policy, custom, or official action that caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). Plaintiff's allegations state a plausible claim for medical mistreatment against defendants Turntine and Christian. However, as is stated above, plaintiff has not sued defendants in their individual capacities.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint so that he may cure the defects listed above. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff has thirty days to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $32.88 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint within thirty (30) days of this Memorandum and Order.


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this <u>10th</u> day of July, 2013.