**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ROBERT SLACK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORIZON MEDICAL SERVICES, )<br>INC., et al., )<br>)<br>Defendants. ) | No. 4:13-CV-1170 CAS |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to file an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e). The amended complaint states a facially plausible claim for medical mistreatment under the Eighth and Fourteenth Amendments and the Court will require the defendants to respond to the amended complaint.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged medical mistreatment. Named as defendants are Samantha Turntine and Brenda Christian, both of whom are nurses for Corizon Medical Services, Inc. Plaintiff seeks monetary relief.

Plaintiff alleges that on December 29, 2011, he injured his right little finger playing dodge ball. Plaintiff claims that he went to the Medical Unit where he was seen by defendant Turntine. Plaintiff asserts that Turntine examined him, noted that there was swelling and that plaintiff was unable to bend his finger, and told him that his finger was not broken. Turntine, says plaintiff, wrapped the finger and hand in an ace bandage and gave him a box of Ibuprofen. Plaintiff claims that Turntine told him he should "work the finger in order for it to heal." Plaintiff alleges that Dr. McKinney was in the medical unit at that time but that Turntine did not inform him of or consult him regarding plaintiff's injury.

Plaintiff says that he returned to the medical unit on January 3, 2012, because his symptoms were getting worse. Plaintiff claims that Defendant Christian examined him. Plaintiff alleges that she told him his finger was not broken and that she did not give him any treatment. Plaintiff maintains that she told him to "exercise the finger and it should get better." Plaintiff alleges that Christian did not notify the doctor of his injury.

Plaintiff returned to the medical unit on January 4, 2012, where he was seen by another nurse. The nurse's assessment revealed swelling up to plaintiff's wrist, and the nurse ordered an X-Ray for the following day. The nurse also notified Dr. McKinney of plaintiff's injury. On January 5, 2012, plaintiff returned to the medical unit to meet with Dr. McKinney and discuss his X-Rays. Dr. McKinney advised plaintiff that his finger was fractured, splinted the finger, and prescribed Naproxen for swelling and pain management. Dr. McKinney also referred plaintiff to an orthopedic

surgeon. On January 9, 2012, plaintiff was seen by the orthopedic surgeon, who advised plaintiff he would need corrective surgery. The surgery was performed on January 19, 2012.

Plaintiff alleges that his right little finger is now deformed and does not function. Plaintiff believes that the initial misdiagnosis by defendants Turntine and Christian caused the damage to his finger. These allegations state a plausible claim for medical indifference under § 1983 against the defendants in their individual capacities. As a result, the Court will order the Clerk to serve process on Turntine and Christian.

Plaintiff initially named Corizon Medical Services, Inc. ("Corizon") as a defendant in this action. Plaintiff has not included any claims against Corizon in his proposed amended complaint. As a result, those claims are abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).

Finally, plaintiff has not alleged that a policy or custom of Corizon caused his injuries. As a result, plaintiff's claims against the defendants in their official capacities will be dismissed. See Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint is **GRANTED**. [Doc. 7] The Clerk of Court shall detach and docket the amended complaint, which was submitted as an attachment to plaintiff's motion for leave.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue on defendants Samantha Turntine and Brenda Christian, both of whom are alleged to work for Corizon Medical Services, Inc.

**IT IS FURTHER ORDERED** that the Clerk shall terminate Corizon Medical Services, Inc. from this action, as the claims against it have been abandoned.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims against defendants Turntine and Christian are **DISMISSED**.

An order of partial dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  13th  day of August, 2013.