UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1170 CAS |
| | ) | |
| CORIZON MEDICAL SERVICES, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This prisoner civil rights matter under 42 U.S.C. § 1983 is before the Court on plaintiff's motion for appointment of counsel.

The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); see 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds by Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005). (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the

claims, and the complexity of the legal arguments." Phillips, 437 F.3d at 794 (citing Edgington, 52 F.3d at 780).

Plaintiff, an inmate at the Potosi Correctional Center, has alleged violations of his Eighth Amendment rights based on a claim of deliberate indifference to serious medical needs. Plaintiff broke his right fifth finger during a dodge ball game at the institution. Plaintiff alleges he was not seen by a doctor and did not receive an x-ray for the finger for several days, and thereafter required corrective surgery. The Court concludes that plaintiff and the Court would benefit from the assistance of counsel. The legal issues presented in § 1983 cases can be complex, and there will be conflicting testimony in this case. It is likely that expert medical testimony will be required. Because plaintiff is incarcerated, he will have difficulty adequately investigating and supporting his claim. Morever, the allegations in the complaint are of the type which may not be readily solved on dispositive motions, and may require a trial.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **GRANTED**. [Doc. 4]

**IT IS FURTHER ORDERED** that Bradley R. Hansmann of Brown and James, P.C., 800 Market Street, Suite 1100, St. Louis, Missouri 63101, telephone number (314) 421-3400, is hereby appointed as counsel for the plaintiff. Counsel shall have thirty (30) days from the date of receipt of the Court file in which to file an amended complaint if deemed appropriate.

Appointed counsel is advised that all applications for disbursement of funds from the Eastern District's Attorney Admission Fee Non-Appropriated Fund are governed by Local Rules 12.03 and 12.06, the Administrative Order of January 15, 2008 concerning the Attorney Admission Fee Non-

Appropriated Fund, and the Regulations Governing the Disbursement of Funds from the Non-Appropriated Fund for Attorney's Fees and Out-of-Pocket Expenses Incurred by Attorneys Appointed to Represent Indigent Parties in Civil Proceedings Pursuant to 28 U.S.C. § 1915(e), dated January 15, 2008. The Order and Regulations, as well as form requests for compensation of services and reimbursement of expenses, may be obtained from the Clerk of the Court or printed from the Court's Internet website, www.moed.uscourts.gov.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide appointed counsel with a copy of the complete Court file.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 13th day of September, 2013.