UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1170 CAS |
| | ) | |
| SAMANTHA TURNTINE and | ) | |
| BRENDA REAGAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This closed matter is before the Court on the following motions filed by pro se plaintiff Robert Slack: (1) Motion to Set Aside Judgment, and (2) Motion to Strike Defendants' Memorandum in Opposition to Plaintiff's Motion to Set Aside Judgment. For the following reasons, the Court will deny plaintiff's motion to set aside judgment and motion to strike defendants' opposition to that motion.

Plaintiff brought this action under 42 U.S.C. § 1983 alleging defendants, both nurses at Potosi Correctional Center, violated his Eighth Amendment right against cruel and unusual punishment in their care and treatment of plaintiff's fractured right pinky finger. On December 19, 2014, the Court granted summary judgment in favor of defendants. Plaintiff seeks to set aside this judgment pursuant to Federal Rule 60 "for the reason of excusable neglect, by plaintiff's counsel, mistakes, and fraud on the Court, by attorney for defendants in the summary judgment." (Mot. at 1; Doc. 62).

As a threshold matter, the Court must determine if it has jurisdiction to rule on plaintiff's Rule 60 motion. On January 12, 2015, plaintiff filed both his notice of appeal of judgment and his motion to set aside judgment pursuant to Rule 60. Under Rule 60(a), this Court generally must seek

leave of the appellate court to correct a judgment once an appeal of the judgment has been docketed. See BancorpSouth Bank v. Hazelwood Logistics Center, LLC, 706 F.3d 888, 897 (8th Cir. 2013). However, "Federal Rule of Appellate Procedure 4(a)(4) clarifies that no leave is necessary if the Rule 60(a) motion is filed within twenty-eight days of entry of judgment. See Fed. R. App. P. 4(a)(4)(A)(vi), (B)(i) (providing a notice of appeal does not take effect until the district court disposes of any Rule 59 or Rule 60 motions, provided such motions are filed within twenty-eight days of entry of judgment)." Id. Although plaintiff's motion was filed after the notice of appeal was docketed, the motion was filed twenty-four days after entry of judgment; therefore, the Court would have authority to amend its judgment without leave of the appellate court. Id.

While the Court has jurisdiction to consider plaintiff's motion pursuant to Rule 60(a) and (b), the Court will deny the motion. Plaintiff's motion presents new arguments that were not presented to the Court on summary judgment. Specifically, plaintiff argues that the "Institutional Services Manual Policy and Procedure" and "Nursing Assessment Protocols" prescribe certain conduct by defendant nurses, and this conduct was not followed. Such argument was not presented at the summary judgment stage, is not newly discovered evidence, and is not within the grounds for relief listed in Rule 60(a) and (b). Plaintiff also argues defense counsel committed fraud by arguing plaintiff suffered no permanent damage to his finger and plaintiff's counsel failed to respond to summary judgment. The Court finds these arguments meritless. The Court will deny plaintiff's motion for relief from judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to set aside judgment pursuant to Federal Rule of Civil Procedure 60 is **DENIED**. [Doc. 62]

**IT IS FURTHER ORDERED** that plaintiff's motion to strike defendants' memorandum in opposition to plaintiff's motion to set aside judgment is **DENIED**. [Doc. 71]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 11th day of February, 2015.